**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JAMES GAMBACORTO<br><br>Debtor.<br><br>HUGH MAGEE, *et al.*,<br><br>Appellant,<br><br>v.<br><br>UNITED STATES TRUSTEE,<br><br>Appellee. | Civil Action No. 25-13028 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

  This matter comes before the Court on Appellee the United States Trustee's (the "Trustee") Motion to Supplement the Appellate Record (the "Motion"). (Appellee Moving Br., ECF No. 8.) Appellants Hugh Magee and Magee Realty Consultants Co., LLC (collectively "Magee") opposed. (Appellant Opp'n Br., ECF No. 10.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants the Trustee's Motion.

  This case involves the Bankruptcy Court's denial of Magee's Nunc Pro Tunc Application to Receive a Broker's Commission on the sale of 187 Riverside Avenue, Red Bank, New Jersey (the "Property") relating to the Chapter 11 proceedings of debtor, James Gambacorto ("Gambacorto"). (Appellant Opp'n Br. 1.) The Trustee moves pursuant to Federal Rules of

Bankruptcy Procedure[1] 8009(e)(2)(C) and 8013 to supplement the record on appeal to include the following items: (1) an October 1, 2019 Certification of Gambacorto; (2) a November 11, 2019 Certification of Gambacorto; (3) a November 18, 2019 Supplemental Certification of David Kanegis; (4) an April 16, 2024 Consent Order; (5) a November 12, 2024 Application to Employ AuctionAdvisors, LLC; and (6) a March 18, 2025 Hearing Transcript (the "Hearing Transcript") regarding the sale of the Property. (Appellee Moving Br. 1-2.) The Trustee argues that these items should be considered to present a more "fulsome" picture of the relationship between Magee and Gambacorto regarding the Property, to provide context for statements made at the hearing that resulted in the order on appeal, and because, other than the Hearing Transcript, the items were presented to the Bankruptcy Court below. (*Id.* at 2-3.) The Trustee further contends that all the items, including the Hearing Transcript, predate the June 24, 2025, hearing and resulting order from which this appeal is taken. (*Id.*) Regarding the Hearing Transcript, the Trustee avers that it reflects the argument that took place in Bankruptcy Court regarding the sale from which Magee seeks a commission, which is at issue here. (*Id.* at 2.)

In response, Magee challenges the introduction of the Hearing Transcript as procedurally inappropriate and prejudicial.[2] (Appellant Opp'n Br. 1.) Magee contends that the "Third Circuit has consistently held that Rule 10(e) does not permit a party to introduce new materials never considered by the lower court" and that motions to supplement the record are "only granted in 'exceptional circumstances.'" (*Id.*) Magee submits that the Trustee has not identified such circumstances here. (*Id.*) Magee also argues that the Hearing Transcript has no bearing on the

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Bankruptcy Procedure.

[2] Magee does not challenge the introduction of the other items.

issues raised on appeal, and that the transcript includes statements made by Gambacorto's counsel in Magee's absence before Magee retained counsel. (*Id.* at 2.) Magee maintains that the representations contained in the Hearing Transcript are not evidence but argument. (*Id.*) Magee contends that permitting those remarks, which were made while neither Magee nor Magee's counsel were present, to be added to the appellate record would unfairly prejudice Magee and distort the factual context of the appeal. (*Id.*)

"In deciding a bankruptcy appeal, a district court is limited to the record before the bankruptcy court." *In re Hopkins*, No. 23-2421, 2023 WL 8437234, at *3 (D.N.J. Dec. 5, 2023) (citation omitted), *reconsideration denied*, No. 23-2421, 2024 WL 3597239 (D.N.J. July 31, 2024). Rule 8009 provides that the "record on appeal must include," among other things, "items designated by the parties[,] . . . [and] any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4); *In re Parmer*, No. 23-1670, 2025 WL 43353, at *2 (D.N.J. Jan. 7, 2025), *aff'd sub nom. Parmer v. D'Agostino*, No. 25-1213, 2025 WL 2437826 (3d Cir. Aug. 25, 2025). The Rule, however, does not address the procedure for supplementing the items designated for the record on appeal. *See* Fed. R. Bankr. P. 8009. Other courts addressing this issue have turned to Federal Rule of Appellate Procedure 10(e) for guidance. *See, e.g., In re W.T. Grant Co.*, 432 F. Supp. 105, 106 n.2 (S.D.N.Y. 1977); *In re Food Fair, Inc.*, 15 B.R. 569, 571 (Bankr. S.D.N.Y. 1981); *In re Saco Loc. Dev. Corp.*, 13 B.R. 226, 228-29 (Bankr. D. Me. 1981). Federal Rule of Appellate Procedure 10(e) allows the appellate court to supplement the record if "anything material to either party is omitted from . . . the record by error or accident."

Documents not considered by the trial court are generally not permitted to be part of the record on appeal. *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005) (citing

*In re Food Fair*, 15 B.R. at 572). A record, however, may be supplemented by "materials from cases closely related to the appeal." *In re Food Fair*, 15 B.R. at 572 (citing *In re Saco*, 13 B.R. at 230); *see also In re Tobago Bay Trading Co.*, 142 B.R. 534, 536 (Bankr. N.D. Ga. 1992). The appellate court should take note that "such materials were not considered by the trial court in reaching its decision in the matter on appeal." *In re Food Fair*, 15 B.R. at 572. The Court, moreover, "has discretion to permit supplementation to the record, if the . . . material is relevant to the bankruptcy court's decision." *In re Salander*, 503 B.R. 559, 562 n.2 (S.D.N.Y. 2013) (citation modified). Additionally, "[t]he record on appeal of one matter may be supplemented with materials from other adversary proceedings arising from the same bankruptcy case . . . [when the] materials . . . [are] closely related to the appeal." *In re 85 Flatbush RHO Mezz LLC*, No. 22-6233, 2022 WL 11820407, at *7 n.7 (S.D.N.Y. Oct. 20, 2022) (quoting *In re Food Fair*, 15 B.R. at 572).

The answer here is simple. The Hearing Transcript: (1) is from the underlying Gambacorto Chapter 11 proceeding; (2) directly relates to the issue on appeal (the sale of the Property for which Magee seeks a commission); and (3) was created before the order being appealed. *See In re Food Fair*, 15 B.R. at 572. The Court will therefore use its discretion to permit the Trustee's proposed supplementation to the record because the "material [wa]s relevant to the bankruptcy court's decision." *In re Salander*, 503 B.R. at 562 n.2 (S.D.N.Y. 2013). Accordingly,

IT IS, on this 2nd day of December 2025, **ORDERED** as follows:

1. The Trustee's Motion to Supplement the Record (ECF No. 8) is **GRANTED.**

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**